**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-10198
_____

In the Matter of:      GASTON A. SHUMATE,

                                              Debtor.

BKS PROPERTIES; BERNADINE KAY SHIRLEY;
4500 WESTWAY LIMITED PARTNERSHIP; PETER B. BARTHOLOW;
VICTORIA M. BARTHOLOW; THEODORE O. BARTHOLOW, JR.,
and
MOLLY W. BARTHOLOW,

                                              Appellees,

VERSUS

GASTON A. SHUMATE,

                                              Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:97-MC-105-X)
_____

August 10, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]


    The debtor/appellant, Gaston Shumate, appearing _pro se_,
appeals various orders, including, primarily, an order of the
district court adopting findings and conclusions of the bankruptcy
court.  Although it is difficult to discern, from Shumate's brief,
what issues he is raising, he plainly appeals the bankruptcy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

court's finding of civil contempt and complains of the imposition of a permanent injunction and the granting of title relief.

These disputes have been in court since 1991. Shumate has had full opportunity to litigate his grievances in several fora. In 1997, he was held in contempt for knowing and deliberate violations of a 1994 order and was enjoined from continually reasserting challenges to final judgments of state and federal courts. The tone of his attack is shown, for example, by the assertion, in his reply brief in this appeal, that "[t]he Court of Appeals judgment discussed below is the civil equivalent of criminal embezzlement."

The courts have shown admirable patience with Shumate, as evidenced by, *inter alia*, the detailed findings of fact and conclusions of law entered by the bankruptcy court in its impressive twenty-two-page opinion entered on October 29, 1997, and adopted by the district court. We find no error in those findings and conclusions. The judgment of the district court, accordingly, is AFFIRMED, essentially for the reasons set forth in the bankruptcy court's opinion.